# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TERRI E. DAVIS,

        Plaintiff,

v.

CASE NO. 2:16-cv-11601

HON. MARIANNE O. BATTANI

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff Terri E. Davis' objections (Doc. 20) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 19). Davis filed an action seeking judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") under 42 U.S.C. § 405(g). Each side filed a motion for summary judgment (Doc. 14; Doc. 15).

The matter was referred to Magistrate Judge R. Stephen Whalen, who found that substantial evidence supported the Administrative Law Judge's ("ALJ") and the Commissioner's decision to deny benefits. (Doc. 19). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's R&R; **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

## I. BACKGROUND

Davis filed the present action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner, who rendered an unfavorable decision on February

23, 2015, denying Davis' applications for Disability Insurance Benefits under the Social Security Act. Davis asserts that the Commissioner's decision is not based upon substantial evidence. (Doc. 1; Doc. 14).

The matter was referred to Magistrate Judge Whalen for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Each side filed a motion for summary judgment (Doc. 14; Doc. 15). Magistrate Judge Whalen found that the Commissioner applied the correct legal standards and made findings of fact that were supported by substantial evidence in the record, and recommended that the Commissioner's motion for summary judgment be granted, that Davis' motion for summary judgment be denied, and that the ALJ's decision be affirmed. (Doc. 19).

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

The Court must affirm the Commissioner's conclusions so long as the Commissioner applied the correct legal standards and made findings of fact that are

2

supported by substantial evidence in the record. <u>Walters v. Comm'r of Soc. Sec.</u>, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is evidence that a reasonable mind might accept as adequate evidence in support a conclusion. <u>Id.</u> This means that administrative findings

> are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.

<u>Felisky v. Bowen</u>, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). The Sixth Circuit has further explained, "[i]f supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. <u>Linscomb v. Comm'r of Soc. Sec.</u>, 25 Fed.Appx. 264, 266 (6th Cir. 2001) (citations omitted).

### III.  ANALYSIS

Davis raises two objections to the R&R. First, Davis contends that the Magistrate Judge erred in supporting the ALJ's hypothetical(s) to the Vocational Expert ("VE"). Second, Davis asserts that the Magistrate Judge erred in supporting the ALJ's credibility determination. These objections will be addressed in turn below.

#### A.    Hypothetical to Vocational Expert and RFC Assessment

With respect to the first objection, Davis contends that the ALJ failed to include "important limiting factors" in her hypothetical to the VE. In particular, Davis asserts that the ALJ's determination that Davis must be allowed to stand and stretch "when she is

not busy" is too vague to quantify, and that this restriction was not adequately addressed by the ALJ's hypotheticals to the VE.

The ALJ presented several hypothetical questions to the VE. First, the ALJ asked the VE whether an individual with the following limitations could perform Davis' past relevant work:

> Someone who can lift and carry 20 pounds occasionally, 10 pounds frequently, stand or walk for six out of eight hours, sit for six out of eight hours. Occasionally push and pull. Occasionally climb, balance, stoop, kneel, crouch, and crawl. Someone who may have no concentrated exposure to respiratory irritants, temperature extremes, or humidity.

(R. 41). The VE stated that the above restrictions would not preclude Plaintiff's past relevant work as a telephone operator. (R. 42). Next, the ALJ presented the VE with a series of hypothetical limitations in order to determine whether the telephone operator position would accommodate intermittent standing. The VE opined that a telephone operator would not be able to stand for ten, or even five, minutes per hour, but would be permitted to stand during a fifteen-minute break every two hours and for thirty minutes during a lunch break. (R. 42-44). In addition, a telephone operator could acceptably be "off task" for less than twenty percent of the workday. When asked whether an operator could stand during such "off task" time, the VE stated that "there would be times that they might be able to stand . . . if there's no volume of calls coming through, but it's very unpredictable." (R. 45). Ultimately, the ALJ's RFC assessment included a limitation that Davis "requires the option to stand and stretch when she is not busy and during regular breaks." (R. 69).

Davis' objection to this RFC appears to be twofold: (i) that the VE was not asked whether a telephone operator is permitted to "stand and stretch when she is not busy" and (ii) that this limitation is too vague to be supported by the record. The first objection

4

is without merit. The ALJ asked the VE whether standing would be permitted during "off task" time, and the VE responded that operators could stand when there was "no volume of calls coming through." (R. 44-45). While such periods would be "unpredictable," they seem to amount to at least one hour throughout the course of the day, a conclusion implied by the VE's determination that a telephone operator would be sitting for only "six out of eight hours." (R. 42). In other words, the VE determined that, in addition to breaks totaling one hour, a telephone operator could stand for at least one hour during an eight-hour day.

The second objection, as well, must be rejected. The RFC assessment finds support in the record, including (i) the fact that Davis was able to sit through the hour-long administrative hearing without any problems (R. 69-71), (ii) treating records stating that Davis' knee felt "fine" following her July, 2013 surgery (R. 70), and (iii) a "normal" EMG of Davis' lower extremities (R. 71). Moreover, the RFC is not overly vague because it expressly states that Davis is able to sit for no more than six hours in an eight-hour day. The additional limitation—that Davis must be able to stand when she is not busy—seems merely to clarify when the standing periods will occur.

B. Credibility Determination

Next, Davis contends that the Magistrate Judge erred in supporting the ALJ's determination that Davis' subjective complaints were not entirely credible. While Davis acknowledges that courts "cede enormous latitude and deference to the ALJ's credibility determinations," Case v. Secretary of Health and Human Services, 987 F.2d 1230, 1234 (6th Cir. 1993), Davis nevertheless asserts that the ALJ (i) "selectively" cited the record, (ii) misstated Davis' testimony regarding time with her grandchildren, and (iii)

failed to give proper weight to Davis' strong work history. These arguments will be addressed below.

First, the Court is not swayed by Davis' assertion that the ALJ's recitation of her activities was "based upon only a portion of the entire record." The Sixth Circuit rejects such "cherry picking" arguments, properly observing that "the same process can be described more neutrally as weighing the evidence." White v. Comm'r of Social Security, 572 F.3d 272, 284 (6th Cir. 2009). It would be inefficient to require the ALJ to cite every piece of evidence offered by the parties.

Second, while the ALJ may have mistakenly noted that Davis "takes care of her grandchildren when they visit" (R. 67), Davis did testify that her grandchildren have visited "occasionally" since March of 2013. (R. 31). Moreover, in explaining her credibility determination, the ALJ more accurately stated that Davis "has her grandchildren sleep over from time to time." (R. 70). Thus, the ALJ's factual finding that Davis "takes care of her grandchildren" is not a "compelling reason" to disturb her credibility determination. See Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001).

Finally, Davis asserts that the ALJ "did not consider her work history in making a credibility determination." Again, however, this argument rests on the mistaken assumption that failure to expressly mention certain evidence demonstrates a failure to consider such evidence. The ALJ is not required to explicitly mention particular pieces of testimony or evidence to demonstrate that she considered them. Loral Defense Sys.-Akron v. N.L.R.B., 200 F.3d 436, 453 (6th Cir. 1999). Although work history has been cited as one factors supporting credibility, the ALJ is not required to adopt a presumption of credibility based on that factor. Barney v. Commissioner, No. 1:08-cv-

1225, 2010 WL 1027877, at *4 (W.D. Mich. Jan. 20, 2010) ("It is the ALJ's function to determine credibility issues, and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination.") (citing <u>White v. Commissioner</u>, 572 F.3d 272, 287 (6th Cir. 2009)). Accordingly, Davis' strong work history does not require the court to upset the ALJ's credibility determination.

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that substantial evidence supports the Commissioner's decision to deny benefits. Thus, Plaintiff's Motion for Summary Judgment (Doc. 14) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Date:   September 28, 2017                                  <u>s/Marianne O. Battani</u>
                                                            MARIANNE O. BATTANI
                                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 28, 2017.

                                                            <u>s/ Kay Doaks</u>
                                                            Case Manager

7